Sneed, J.,
delivered the opinion of the court:
The action was upon two promissory notes; the defense, ihe statute of limitations of two years and six months, and the replication that the delay to bring the suit was at the special request of the representative.
It is conceded that the remedy was barred unless the bar was saved by the alleged special request for delay. Upon the first trial below, the verdict and judgment were for the defendant. A new trial was granted, and resulted in a verdict and judgment for the plaintiff. The defendant appealed, and the first error he assigns is, that the discretion of the court in awarding a new trial after the first verdict was improperly exercised. Before the act of March 24, 1875 [Acts 1875, ch. 106], the doctrine of our more modern adjudged cases was that the discretion of the circuit judge in granting a new trial cannot properly be revised in this court. [Huggins v. Moore], 3 Head, 427.
The statute cited provides, however, that this court can, revise the discretion of the court below in granting new *425 trials, and when, in a proper case, exceptions are taken and signed, this court will set aside the rule granting a new trial, and render judgment upon the verdict. In this case, there is a regular hill of exceptions to the judgment awarding a new trial, and the'question has to he met whether the discretion of the circuit judge was, or was not, properly exercised. Upon the application for a new trial, the plaintiff’s attorney produced his own affidavit to the effect that s'"nee the trial he had discovered other testimony, which is ?et forth, and which is manifestly material and important in support of the plaintiff’s replication of delay at the special request of the defendant. It is objected that the affidavit was insufficient because it does not, in terms, allege the materiality of the testimony, or that it would be sufficient to produce a different result. It is also objected to because the testimony proposed is merely cumulative to tli at adduced on the first trial. __ There was on the first trial testimony to the effect that defendant said he would pay the notes sued on as soon as he could collect the money, but. it does not appear that any specific request for delay was made. The affidavit states the newly discovered testimony to be that the defendant did request delay, and promised to pay the notes as soon as E. Simmerly paid the debt he owed the estate. The testimony proposed was not cumulative, but original, and very essential to the plaintiff’s case. When the materiality appears in the testimony proposed, it is not necessary to allege it in an affidavit in such a case, nor is it necessary to state that the testimony would change the result, especially as the result is here to speak for itself. But it is insisted that the request for delay was not sufficient to avoid the bar of the statute. The testimony is that the plaintiff: presented the notes sued on to the defendant, and he paid a part of one of them, and requested the plaintiff to wait for the balance until he, the defendant and Simmerly, could settle the Hampton estate, and promising that he would then pay what remained due on the notes. We must hold that this request for delay *426 is sufficiently specific under the statute. Code, sec. 2280 [Shannon’s Code, sec. 4013]. The statute has been so often before the court, and the rulings upon it so often cited and reviewed, that it is scarcely necessary to do more than to cite them again. McKizzack v. Smith, 1 Sneed, 470; [Puckett v. James], 2 Hum., 566; [Trott v. West], 9 Yer., 435; [Bank v. Leath], 11 Hum., 517; [Chestnutt v. McBride], 1 Heis., 389. In the case of McKizzack v. Smith, above cited, it was held that a request for delay until the representative could collect the debts of the estate, or until he can collect money, is a special reqrrest, and for a sufficiently definite time within the meaning of the statute. 1 Sneed, 470. The testimony in the case in hand shows a request for delay until the representative could settle the matters of the estate with Simmerly, and a promise to pay at that time, and by another witness a promise to pay is shown when the defendant could collect the money. The latter witness refers to the same interview detailed by the first, and manifestly to the collection of a debt due horn Simmerly to the estate. He admits, however, that his recollection of the conversation is not distinct. We hold the request to be sufficient. Let the judgment be affirmed.